The State ex rel. Busch v. Dillon.

THE STATE *ex rel.* BUSCH v. DILLON, *Circuit Judge.*

Injunction : APPEAL FROM FINAL DECREE, EFFECT OF. The allowance of an appeal to the supreme court on affidavit and *supersedeas* bond from a final decree granting an injunction, does not have the effect of dissolving the injunction, and a violation of such decree after the appeal is a contempt of court and punishable as such.

### *Prohibition.*

WRIT DENIED.

*Broadhead & Haeussler* for relator.

The *supersedeas* in this case, which was a chancery suit, has the effect, under the statutes of Missouri, of removing the whole case to the supreme court for a trial *de novo* upon the testimony taken below. It leaves the judgment of the court below in full force except that no proceeding can be had under it. See R. S., secs. 3713, 3717, 3718, 3728, 3776 ; *Bank v. Lewis*, 76 Mo. 370 ; 2 Story's Eq. Jur. 58 ; *City v. Gas. Co.*, 82 Mo. 354 ; *Russell v. Farley*, 105 U. S. 433.

*Andrew M. Sullivan, E. L. Carter* and *Rassieur & Tiffany* for respondent.

(1) An injunction may be granted by the circuit court, on final hearing or judgment, without requiring the plaintiff to give bond. R. S., sec. 2710. Such an injunction may restrain the defendant from the commission or continuance of an act which, during litigation, would produce injury to the plaintiff; or which would during litigation tend to render the judgment ineffectual. R. S., secs. 2703, 2710, 2722. (2) A prohibitory injunction becomes operative from the time of the order being made. High on Inj., sec. 1421; *Home v. Willard*, 40 Vt. 654; *McNeil v. Garratt*, 1 Cr. & Ph. 98; *James v. Downes*, 18 Ves. 522. (3) The taking of an appeal with bond, does not, of itself, vacate or suspend a prohibitory decree of injunction, so as to permit the doing of the act enjoined; but the obligation remains upon the defendant, notwithstanding his appeal, to abstain from doing the prohibited act, pending the appeal and until reversal. *Railroad v. Railroad*, 71 N. Y. 430; *Power v. Athens*, 19 Hun, 165; *Railroad v. Atkinson*, 17 Mo. App. 484; *Rogers v. Hatch*, 8 Nev. 35; *Randles v. Randles*, 67 Ind. 434; *Mining Co. v. Fremont*, 7 Cal. 130; *Swift v. Shepard*, 64 Cal. 423; *Robertson v. Davidson*, 14 Minn. 554; *City v. Gas Co.*, 82 Mo. 349; *Cook v. Dickerson*, 1 Duer, 679; *Leonard v. Land Co.*, 115 U. S. 465; *Bank v. Rogers*, 13 Minn. 407; *Burrall v. Vanderbilt*, 1 Bosw. 643; *Clark v. Clark*, 7 Paige, 607; *Erhardt v. Board*, 113 U. S. 537; *Hovey v. McDonald*, 109 U. S. 150; *Slaughter House cases*, 10 Wall. 273. (4) At the time of the appeal and *supersedeas* in question, the injunction was perfect and complete to the full scope of its operation upon defendants and the rights of the parties, and no writ, process or proceeding was necessary in the case to effect the complete operation of the decree,

save the execution for costs. See point 2 *supra*. The stay of proceedings granted or effected by the appeal was only as to further process or proceedings in the case, and in no way vacated or affected the validity of the decree.

BRACE, J.—Petition for writ of prohibition against respondent, judge of the St. Louis city circuit court, to restrain him from further action in a proceeding commenced in that court on the suggestion of George Glaesner against Adolphus Busch, President of Anheuser-Busch Brewing Association, *et al.*, said proceeding being an attachment for contempt in violating a decree of injunction rendered against them in a certain cause theretofore pending in said court, wherein the said Glaesner was plaintiff and said Brewing Association *et al.*, were defendants, and which cause had theretofore been appealed to the supreme court.

Two questions are presented for discussion on the return of the respondent, to which the petitioners demur. (1) Did the allowance of the appeal to the supreme court on affidavit and bond, in the action in which the decree of injunction on final hearing was rendered, have the effect of dissolving the injunction decreed by the circuit court, no previous temporary injunction having been granted or bond given in the cause? (2) If the decree of injunction remained in force after the appeal to the supreme court, did the circuit court, in which the decree was rendered, have jurisdiction to punish for contempt a violation of that decree after such appeal?

The law directly applicable to the cause and by which these questions are to be determined, is as follows (R. S. 1879, sec. 2703): "When it shall appear by the petition that the plaintiff is entitled to the relief demanded, and such relief    *    *    *    consists in restraining the commission    *    *    *    of some act of

the defendant, the commission of which during the continuance of the litigation would produce injury to the plaintiff * * * an injunction may be granted to stay such act.''

Sec. 2710 : ''No injunction, unless on final hearing, or judgment, shall issue in any case * * * until the plaintiff execute a bond with sufficient security to the other party in such sum as the court or judge shall deem sufficient to secure * * * all damages that may be occasioned by such injunction.''

Sec. 2722 : ''The remedy by writ of injunction shall exist in all cases * * * to prevent the doing of any legal wrong whatever, whenever in the opinion of the court an adequate remedy cannot be afforded by an action for damages.''

Sec. 1055 : ''Every court of record shall have power to punish as for criminal contempt persons guilty of * * * wilful disobedience of any process or order lawfully issued or made by it.''

Sec. 3710 : ''Every person aggrieved by any final judgment or decision of any circuit court * * * may make his appeal,'' etc.

Sec. 3713 : ''* * * The court from which an appeal is prayed shall make an order allowing the appeal and such allowance thereof shall stay the execution * * * when the appellant * * * together with two sufficient securities shall, during the term at which the judgment appealed from was rendered, enter into a recognizance,'' etc.

Sec. 3718 : '' On filing such recognizance there shall be a stay of all further proceedings upon the judgment appealed from,'' etc.

Sec. 3776 : '' The supreme court in appeals * * * shall examine the record, and award a new trial, reverse or affirm the judgment or decision of the circuit court, or give such judgment as such court ought to have given, as to them shall seem agreeable to law,'' etc.

No system of jurisprudence would be complete that did not embrace within its scope a plan for the prevention of wrongs, as well as compensation for violated rights. The reason for the existence in our system of the preventive writ of injunction is, that in very many instances the commission of an act violative of the rights of others is not susceptible of adequate compensation in damages. In statutes enacted for the purpose of regulating the administration of this remedy by the courts, the substitution of the inadequate remedy of compensation in damages for a wrong perpetrated, for the adequate remedy designed to prevent the perpetration of that wrong is never contemplated, is foreign to, and at war with, the spirit and purpose of such enactments, and such a result cannot flow from a proper construction of them. Nothing can be found in the letter of the foregoing enactments, or in the history of our legislation on the subject to warrant it.

To secure a party against an infraction of his rights that would be adequately remediless in damages, the statute has provided that, before these rights are definitely ascertained and declared, a provisional writ shall issue restraining the threatened wrongful act pending the litigation in the circuit court. In such cases the law requires that a bond be given. When those rights are definitely ascertained and declared on final hearing in that court, the writ issues, restraining *in perpetuam* the threatened wrongful act, in which case no bond is required, but whenever issued, it operates *in praesenti*, and for the time being, to restrain that act. It commands no act to be done, issues in contemplation of law the moment the order is made (High on Inj., sec. 21; *McNeil v. Garratt*, 1 Cr. & Ph. 98); operates upon the then *status* of things between the parties in respect of the subject-matter in controversy, and decrees that they stand fast forever.

From this situation, in case of error, the law affords

defendant relief by appeal to an ultimate tribunal, where a review of the action of the circuit court on its final hearing may be had, and where he may show that the circuit court was mistaken, that he ought not forever to be prevented from doing the act he threatened and intended to do. If he succeeds, the decree will be reversed, the injunction dissolved, and he may proceed to the execution of his will in the matter, but, surely if he fails, it was not intended that his adversary, at the termination of the litigation in which he has been successful, should find himself remitted to an inadequate remedy for the adequate one which he sought, and which the law promised him, the defendant having been permitted during the pendency thereof to do the very thing which deprives him of that adequate remedy. To preserve the remedy in all its efficiency, pending the litigation in the circuit court, the law requires a bond. To preserve the remedy after final hearing in the circuit court, the law requires no bond. That the law ought to require one in the latter case, is the force of the argument of the learned counsel for the petitioner, the answer to which is that it doesn't. That the court might have required one pending the appeal is a question not before us for determination. The appeal bond given operated as a *supersedeas* only on the process of execution; it suspends the performance of acts commanded to be done. The appeal operates on the judgment as a final determination of the rights of the parties, and suspends its finality. *State ex rel. v. Lewis*, 76 Mo. 375; *Cohn v. Lehman*, 93 Mo. 574.

Our law regulating practice in injunction and appeals is essentially the same as that prevailing in the federal courts and those of the other states, and the overwhelming weight of authority is that injunctions ordered on final hearing on the merits are not vacated by an appeal from that decree. A stay of proceedings from its nature operates only on orders and judgments

commanding some act to be done, and does not reach injunctions. This was assumed to be the law in *City of St. Louis v. St. Louis Gas Light Co.*, 82 Mo. 349, and in *Cohn v. Lehman, supra*, and among the great number of cases that might be cited, the following will be found to be in direct support of this doctrine: *Railroad v. Railroad*, 71 N. Y. 430; *Graves v. Maguire*, 6 Paige [N. Y.] 379; *Power v. Athens*, 19 Hun, 165; *Tel. Co. v. State ex rel.*, 8 West. Rep. 552; *Randles v. Randles*, 67 Ind. 434; *Mining Co. v. Fremont*, 7 Cal. 130; *Swift v. Shepherd*, 64 Cal. 423; *Robertson v. Davidson*, 14 Minn. 554; *Slaughter House cases*, 10 Wall. 273; *Hovey v. McDonald*, 109 U. S. 150; *Leonard v. Ozark Land Co.*, 115 U. S. 465.

In the opinion in this last case, WAITE, C. J., remarks: "It is true that in some of the *Slaughter House cases* the appeal was from a decree making perpetual a preliminary injunction which had been granted in an earlier stage of the case, but the fact of the preliminary injunction had nothing to do with the decision, which was ' that neither an injunction nor a decree dissolving an injunction is reversed or nullified by an appeal or writ of error before the cause is heard in this court.' This doctrine in the general language here stated was distinctly reaffirmed in *Hovey v. McDonald*, and it clearly refers to the injunction contained in the decree appealed from, without reference to whether that injunction was in perpetuation of a former order to the same effect, or was then for the first time granted."

It follows from what has been said that the answer to the first question is that the decree of the circuit court of St. Louis on final hearing in the case stated was not dissolved on the perfection of the appeal therein, but remained in full restraining force against the defendants therein, and will continue to so remain until that appeal is decided. Being so in force, the answer to the second is, that whoso violates it is guilty of a contempt of the

APRIL TERM, 1888. 63

court that rendered it, and may be proceeded against in an independent *quasi*-criminal proceeding by way of attachment and punished for such contempt by that court.

The demurrer to the return of the respondent is overruled, writ denied, and judgment for respondent ordered. All concur, except RAY, J., absent.