THE STATE *ex rel.* HOFMANN v. SCARRITT, *Judge, et al.*

Division One, May 14, 1895.

128  331
 65a 554
128  331
166  315

128    331
179    183

1. **Appellate Practice:** PROHIBITION: CONTEMPT. Whether a Mis-
   souri creditor, who sues in Illinois to obtain the application to his
   demand of a fund due there to a Missouri corporation (in the hands
   of a receiver of a Missouri circuit court), is guilty of contempt of the
   latter, is *held* to be a question which the supreme court will not decide
   on an application for a prohibition against the circuit court, in ad-
   vance of a ruling by the latter on that subject.

2. **Circuit Court:** JURISDICTION: CONTEMPT. The circuit court in
   Missouri has jurisdiction to punish for contempt, and has the power
   to determine, in the first instance, whether or not a party duly brought
   before it on such a charge has been guilty thereof.

3. **Prohibition**: CONTEMPT.  A writ of prohibition will not lie to prevent the examination of a charge of contempt in a pending proceeding merely on the ground that the petition in the proceeding does not state a cause of action, or is otherwise defective.

4. ———: CHECK ON JUDICIAL POWER.  The writ of prohibition may be invoked to check the use of judicial power beyond the sphere marked out by law for its exercise, as well as to stay an assumption of power over causes not committed to the court's consideration.

5. ———.  The writ of prohibition should not be issued to correct judicial error on a subject within the jurisdiction of the court; and still less to anticipate a ruling on a question properly within the authority of the court to decide.

*Prohibition.*

WRIT DENIED.

The petition in the case of *Walruff v. The Weston Brewing Company*, referred to in the opinion, is as follows:

"In the Circuit Court of Jackson County, Missouri, January term, 1894.

"John Walruff, Plaintiff,
     "*vs.*
"The Weston Brewing Company, Defendant.

" Petition for Appointment of Receiver:

"Petitioner states that the defendant, The Weston Brewing Company, is a corporation duly organized under the laws of the state of Missouri, doing business at, and having its chief office in, the city of Kansas City, Jackson county, Missouri; that the plaintiff is a stockholder in said corporation, owning two hundred and forty-eight and one half shares in said corporation of the five hundred shares therein; that said corporation is insolvent, and unable to pay its debts; that numerous small creditors of said corporation are threatening, and are about, to sue; that the assets of said corporation consist partly of beer, on hand, and materials for making the same, and that said beer is at present unsalable; that the

debts due said corporation can not be readily collected at present, to apply on the debts of the corporation; and that the assets of said corporation are liable to be wasted and frittered away to the great injury and detriment of the stockholders and creditors. Petitioner prays the court to appoint a receiver for said corporation, to take charge of the assets of said corporation.

"(Signed) JOHN WALRUFF,
"Petitioner.

"*John Walruff*, petitioner herein, being duly sworn, on oath states that the matters and facts set forth above are true and correct.

"(Signed) JOHN WALRUFF.
(Certificate in usual form.)

The other essential facts are stated in the opinion.

*Doggett & Rosenzweig* for relator.

Even if the receivership is valid, Hoffmann is not guilty of contempt, because the property is located beyond the jurisdiction of the receiver, where he is not permitted to go, and the receiver has not been interfered with. The *locus* of this insurance company debt is in Chicago. *Situs* of mortgaged mules is where they are, irrespective of owner. *McDaniel v. Harris*, 27 Mo. App. 545. Place of performance of contract governs. *Harrison v. Edwards*, 36 Am. Dec. 364; *Odell v. Gray* (Mo.), 55 Am. Dec. 147. In garnishment, the *situs* of garnished debt is where payable; if not payable at particular place, the *situs* is domicile of debtor (garnishee), not of creditor (defendant), except for taxation, etc. *Fielden v. Jessup*, 24 Mo. App. 91; *Greens v. Wickham*, 23 Mo. App. 663. *Wyeth v. Lang*, 54 Mo. App. 147, does not deny existence of such *situs*, but adds another, also, for the purpose of garnishment, viz.: place of payment, place of domicile if debtor

(garnishee), or wherever debtor (garnishee) may be found. An employee's wages were garnished in Illinois by Illinois resident. Held, debt had sufficient *situs* in Illinois to hold garnishee by simple ability to get service on garnishee, though debt was payable in, and garnishee and defendant were residents of, Missouri. The decision laid no point on residence of plaintiff. *Hannibal v. Crane*, 102 Ill. 249; *Rhawn v. Pierce*, 110 Ill. 350; *B. & M. v. Thompson*, 31 Kan. 180; *Harvey v. Great*, 50 Minn. 405. Hence, debt of insurance company has *situs* in Chicago under any phase of law of garnishment. The weight of authority is that a receiver has no extra-territorial right, and is not recognized in any way in any other jurisdiction than that of his appointment. *Farmers, etc., v. Needles*, 52 Mo. 17. A receiver of Illinois can not sue in Missouri. *Booth v. Clark*, 17 How. 322; *Olney v. Farmer*, 10 Fed. Rep. 101. "A receiver's title * * not supported by an assignment from the debtor, is not such a title as will prevail in independent tribunal against the interests of other creditors entitled to its equal protection" and can not sue in foreign jurisdictions. *Brigham v. Laddington*, 12 Blatchf. 237; *Holmes v. Sherwood*, 16 Fed. Rep. 725; *Hazard v. Durant*, 19 Fed. Rep. 471; *Olney v. Farmer*, 10 Fed. Rep. 104; *Adkins v. Wabash*, 29 Fed. Rep. 173; *Wilkins v. Culver*, 25 Fed. Rep. 640; *Moreau v. Du Bollet*, 39 Cent. L. J. 326; *Bartlett v. Wilbur*, 53 Ind. 485; *Ayres v. Siebold*, 82 Iowa, 347. The rules recognizing foreign assignees who get title by conveyance do not apply to receivers and like officers who have not title, but are mere custodians. *Relfe v. Rundel*, 103 U. S. 222; *Rundel v. Life, etc.*, 10 Fed. Rep. 720; *Bockhave v. Life, etc.*, 77 Va. 55; *Lombard v. Thorp*, 6 Cow. 46; *Liefold v. Maroney*, 7 Lea, 128; 135 Mass. 132; 108 Ill. 317; 48 Conn. 401; 25 N. Y. 577. Hof-

mann is not guilty of having interfered with the receiver, under the great weight of authority.

*James W. Coburn* for respondents.

(1) Relator claims that the *locus* or *situs* of the debt due by the insurance company is in Chicago, Illinois,—this, presumably, because the company was incorporated there and has its principal office there. He relies for this point upon *McDaniel v. Harris*, 27 Mo. App. 545; *Fielden v. Jessup*, 24 Mo. App. 91; *Greens v. Wickham*, 23 Mo. App. 663. These cases were decided in the St. Louis court of appeals and are opposed by *Wyeth v. Lang*, 54 Mo. App. 147, which last case is the better law and is in keeping with the decisions in all the states. The *situs* of a debt is where its owner resides. The debt due by the insurance company to Walruff, receiver, was a Missouri debt and was due and collectible here for the reason that our laws require foreign insurance companies doing business in this state to make a deposit with the insurance commissioner and provide that service in suits may be had on the commissioner. There was no property attached, levied upon or seized in Illinois in the Hofmann suit there against the Weston Brewing Company, but the insurance company was merely garnished. (2) Next, the relator claims that the receiver, Walruff, had no extraterritorial authority, and is not recognized outside of the jurisdiction of his appointment. It may be that a number of states hold that a foreign receiver has no jurisdiction outside of the state of his appointment; but the fact remains that no such doctrine is recognized in Illinois, but on the contrary receivers from other states are recognized, except where they come in conflict with domestic creditors. See *Comstock v. Fredrickson*, 53 N. W. Rep. 713; *Sercomb v. Catlin*, 21 N. E. Rep.

606. It is a matter of no concern whether or not the Missouri courts recognize foreign receivers, and we claim there is no decision holding that our courts will not recognize them. The case cited by relator, *Farmers, etc., v. Needles*, 52 Mo. 17, does not so hold. (3) The case of *State ex rel. Merriam v. Ross*, 122 Mo. 435, is not parallel with this case and the case of *Greeley v. Railroad*, 123 Mo. 157, only holds that there is no appeal from an order appointing a receiver. In this case relator can appeal from the final order made as to him. The contempt is an independent proceeding.

BARCLAY, J.—This is an original action in this court to obtain a writ of prohibition. It grows out of the suit of Walruff against the Weston Brewing Company, in the circuit court of Jackson county.

The suit was begun, January 9, 1894, by the filing of a petition, a copy of which will accompany this opinion.

On the same day the court (Judge SCARRITT) heard an application in the case for a receiver, found the facts substantially as stated in the petition, appointed the plaintiff, Mr. Walruff, receiver of the corporation and of all its assets, and further ordered that the company transfer and deliver to the receiver all its personal and real property of every description, including evidences of debt, book accounts, etc.

The receiver was also required to give bond in the sum of $12,000 for the faithful performance of his duties; to file inventory, etc.

The order of appointment contained other terms of direction for the receivership, but, so far as material to the controversy, they will sufficiently appear in the course of the opinion.

The receiver duly qualified and took possession of the accessible property. But, in the course of his ad-

ministration, the present controversy arose over one of the items claimed by the receiver as an asset of the corporation.

A demand became due in Chicago, Illinois, to said corporation from an insurance company doing business there; and Mr. Hofmann, a resident of this state, garnished the demand, in an action brought by him in Chicago against the insolvent company,

Whereupon Mr. Hofmann, upon a formal application by the receiver, was cited to appear before the Jackson county circuit court, wherein the receivership was pending, and to answer for the contempt charged to have been committed by his interference with the property of the receivership, by suit in Illinois as aforesaid.

Mr. Hofmann moved to be discharged from the citation, on grounds which will appear further on; but the court denied the motion.

Then he, as relator, began this action in this court asking that a writ of prohibition issue to prevent Judge Scarritt from exercising any further jurisdiction over him in the matter of the alleged contempt.

The relator insists that the prohibition should go for two reasons.

1. It is claimed that the jurisdiction over the receivership in Missouri, which the circuit court of Jackson county may lawfully exercise, does not include any power on the part of that court to interrupt the action of a Missouri creditor, under the laws of a sister state, in reaching uncollected assets of the debtor corporation there, by process to enforce a valid demand against the corporation.

But before that question is reached relator must overcome another difficulty. The circuit court has not yet adjudged Mr. Hofmann as in contempt. It has

VOL. 128—22

declined to discharge him from.the citation; but it has not passed upon the sufficiency of the facts, charged against him as a contempt.

That that court has power to'punish for contempt, upon a proper and sufficient showing, is not gainsaid, and it could not successfully be controverted.

That Mr. Hofmann is a resident of this state is admitted, and that he was duly brought before the circuit court is not denied.

The very question now raised by relator is one whose solution calls for the exercise of judicial power. The circuit court is vested with the power to decide that question in the first instance, subject to the right of the relator to have the correctness of the ruling reviewed under a different writ, as expressly provided by our statutory law. R. S. 1889, sec. 5378.

The writ of prohibition may be invoked to check the use of judicial power when sought to be exerted beyond the lines which the law has marked as the limits for the operation of the power. It may be applied to prevent action by a court in excess of its legitimate authority in a proceeding whose subject-matter falls within the general cognizance of the court, as well as to stay an assumption of power over causes which by their nature are not confided by the law to the court's consideration.

But it should not be issued merely to correct some judicial error in ruling on a subject committed to the judgment of the court against which the writ is sought. Still less may it be applied to anticipate a ruling upon a question properly within the authority of the court to decide.

The writ can not rightly be employed to compel a judicial officer, having full jurisdiction over the parties and a cause, to steer his official course by the judgment of some other judge, or to substitute the

opinion of another court for his own in dealing with topics committed by the law to his decision. *In re N. Y., etc., v. Steamship Co.* (1895), 155 U. S. 523.

The circuit court, in the case in hand, can not, on the showing now made, be required to refrain from deciding whether or not Mr. Hofmann has been guilty of a contempt of that court. He has been lawfully brought before the court to answer that charge; and it is not our function, at this stage of the proceedings, to substitute our opinion for that of the circuit judge, to whom the law has given authority to first decide the question now sought to be submitted here.

2. But it is next insisted that the petition on which the case in the circuit court is founded is fatally deficient; and that such deficiency precludes any valid action by that court in the case.

The petition is an application for the appointment of a receiver to take charge of the assets of the corporation. The plaintiff is a stockholder of the corporation, and charges that the latter is insolvent.

The court had judicial power to appoint a receiver upon a proper and sufficient showing of facts. If the petition presented to that end was defective, it was, and is, subject to amendment. The pending case is of a sort which the circuit court had jurisdiction to entertain and adjudicate. The question whether or not the petition states a good cause of action, warranting the affirmative action taken by the court, does not affect the jurisdiction of the court to consider and rule upon the petition, or upon the application of a receiver founded upon it.

The authority to decide the cause involves the right to consider, in the first instance, whether or not the facts present a cause to decide.

The distinction between want of jurisdiction and a mere omission to state a cause of action in a case where jurisdiction exists, is plainly marked in our

statutory law, as well as in decisions of the supreme court.  R. S. 1889, secs. 2043, 2047; *Hardin v. Lee* (1873), 51 Mo. 241; *State ex rel. v. Burckhartt* (1885), 87 Mo. 533; *State ex rel. v. Railroad* (1890), 100 Mo. 59; *State ex rel. v. Withrow* (1891), 108 Mo. 1; *State ex rel. v. Klein* (1893), 116 Mo. 259.

The circuit court had full power to do the act which it was invoked to do, namely, to appoint a receiver of the assets of the corporation, and to determine, in the first place, whether the facts warranted that action of the court.  Whether the showing made to obtain the appointment was defective or not can not be inquired into to furnish a basis for prohibiting the inquiry into an alleged contempt of court during the progress of the receivership.

The jurisdiction of the court to act in the matter of the contempt appertains to its general power to entertain and decide the cause.  The remedy of prohibition can not be called into play to stop the investigation of an alleged contempt merely on the ground that the original petition for the receivership is defective, even in some substantial particular.

The action of the court upon the petition implied a ruling that it was sufficient.

The writ of prohibition can not be brought into requisition as a speedy substitute for a writ of error to review that ruling, or to correct any other merely judicial mistake which this court may think the circuit court has committed.

Where jurisdiction over the parties and the subject of the cause is (as in this instance) clear, any error of the trial court in ruling on the sufficiency of the pleading forming the basis of the suit can not be corrected by resort to a writ of prohibition.

The relator has cited and relied upon some rulings in *State ex rel. v. Ross* (1894), 122 Mo. 435 (25 S. W.

Rep. 947), to sustain his contention on this branch of the case. But some of us did not concur in that judgment, and the rest of our number consider that the facts shown in the present proceeding distinguish the latter from the case discussed and decided in the opinion referred to; so that we all agree that the decision in the *Ross case* does not support the relator's claim for the writ of prohibition now.

We deny the application at the costs of the relator. MACFARLANE and ROBINSON, JJ., concur; and BRACE, C. J., concurs in the result.