STATE EX REL. FRANK A. THOMPSON, SAMUEL A. MITCHELL, RICHMOND C. COBURN, ERNEST A. GREEN and ALBERT CHANDLER, Relators, v. CHARLES W. RUTLEDGE, Judge of the Circuit Court of the City of St. Louis.—59 S. W. (2d) 641.

Court en Banc, April 19, 1933.

*Fred L. Williams, Lon O. Hocker* and *Rhodes E. Cave* for relators.

GANTT, C. J.—Original proceeding in prohibition. Relators, lawyers of the city of St. Louis, seek to prohibit the circuit court of said city, Division No. 4, from proceeding further with a contempt case pending in said court.

In due course, a motion for a new trial was filed by relators in a certain cause then pending in said circuit court. Thereafter, said court, of its own motion, entered a citation of record, which was served on relators. The citation charged that said motion for a new trial contained excessive and contemptuous language concerning the conduct of the judge of said court during the trial of said cause. It then commanded relators to appear in said court and show cause why each of them should not be punished as for contempt.

'On the petition of relators this court's provisional rule in prohibition was issued and served on respondent, the then presiding judge of said division. Respondent, by his return, challenges the jurisdiction of this court to determine the question presented by relators' petition and the provisional rule. He further alleges in the return that relators' petition does not state facts sufficient in law to authorize the issuance of the rule. Relators moved for judgment on the pleadings.

█ It should be stated that respondent suggests his retirement as judge of the Circuit Court of St. Louis. We judicially know of his retirement. However, the proceeding does not abate, for the rule was directed against respondent "as judge of said court" and not against him individually. [38 C. J. 858, 859; 2 Spelling's Extraordinary Remedies (2 Ed.) p. 1467; Commonwealth v. Latham, 8 S. E. (Va.) 488; State ex rel. Evans v. Shea, 115 Pac. (Okla.) 862.]

As stated, the return to our provisional rule challenges the jurisdiction of this court. Of course, the circuit court has jurisdiction to punish for contempt. But relators contend that the alleged contempt is criminal; that no appeal would lie from a judgment of conviction; that the charges set forth in the citation do not constitute contempt; that since the matters set forth in the citation are matters of record, it is apparent that respondent judge by issuing the citation has prejudged relators guilty of contempt; and for these reasons relators have no adequate remedy by appeal or writ of error to review any adverse decision by respondent.

█ Under the general rule circuit courts are, in the first instance, vested with the power to decide questions of contempt subject to a right of review under a writ of *habeas corpus*. [Sec. 1459, R. S.

1929; State ex rel. v. Scarritt, 128 Mo. 331, 30 S. W. 1026; State ex rel. v. Cockrell, 280 Mo. 269, 217 S. W. 524.]

■ Even so, relators contend that the cited cases do not hold, and that this court has never held that prohibition would not lie in contempt proceedings. This statement is correct. We think prohibition would lie in a proper case. Indeed, in the cited cases the right to prohibition in contempt proceedings is recognized as existing in a proper case. However, we think that the instant contempt proceeding is not a proper case. The question of prejudgment is eliminated by the retirement of respondent. In this situation we think the circuit court should be permitted to proceed with the case.

The provisional rule should be discharged and the writ of prohibition denied. It is so ordered. All concur.