STATE ex rel. E. Dean JARBOE, and Plas-
Chem Corporation, a Corporation,
Relators,

v.

Honorable Ivan Lee HOLT, Jr., Judge of the
Circuit Court of the City of St. Louis,
Missouri, Respondent.

No. 53714.

Supreme Court of Missouri,
En Banc.

Sept. 30, 1969.

John P. Montrey, St. Louis, for relators.

Blumenfeld, Kalishman, Marx & Tureen, Richard Marx, St. Louis, for respondent.

DONNELLY, Judge.

This is an original action in prohibition.

In 1962, Carboline Company, a corporation, filed suit against relators, E. Dean Jarboe and Plas-Chem Corporation, and another person, in the Circuit Court of the City of St. Louis. Carboline Company sought injunctive relief and money damages, claiming that relators, and another person, had wrongfully appropriated its trade secrets.

On October 4, 1967, respondent entered judgment enjoining relators from manufacturing, using, selling, distributing, and formulating certain enumerated products, and awarding plaintiff damages in the amount of $125,774 against Plas-Chem Corporation "as profits resulting from the wrongful appropriation of plaintiff's trade secrets for the period up to and including May 15th, 1966."

Relators' motion for judgment, or for new trial, was overruled December 7, 1967. On December 15, 1967, relators filed notice of appeal to this Court, and respondent entered the following order:

"Docket Fee paid this 15th Day of December 1967. Defendants Supersedeas Bond fixed by the Court at the sum of $185,000 and Deft granted 20 days from this date to file said Bond."

On January 10, 1968, respondent approved relators' appeal bond in the amount of $185,000.

Thereafter, relators continued to manufacture certain of the products enumerated in the judgment entered October 4, 1967.

On January 17, 1968, respondent ordered relators "to show cause, if any there be, why they should not be held in contempt."

On January 26, 1968, relators filed their return, admitting they were manufacturing and selling a product enumerated in the judgment of October 4, 1967, but asserting that the supersedeas bond, in the amount of $185,000, "has stayed execution upon the money judgment herein, and stayed the decree of injunction herein, pending a final determination of said appeal."

On February 29, 1968, respondent entered the following order:

"Defendants' prayer for dismissal of the Show Cause Order of January 16, 1968 denied. On Paragraph (1) of the Joint Return to said Order defendants E. Dean Jarboe and Plas-Chem Corporation found in contempt. E. Dean Jarboe, individually, and as President of Plas-Chem Corporation, directed to appear in Division 8 of the Circuit Court of the City of St. Louis, as and for Division 3 of said Court, on March 8, 1968 at 10:00 A.M.

"Because of the time that elapsed since the filing of this suit until judgment, and the Court's conclusions in it, the Court did not intend to take any affirmative action to stay the injunction which it granted. It is true, as stated by counsel for the defendants in his memorandum of law, that at the time the Court set and approved the supersedeas bond in conference with him, the Court attempted to set the bond in an amount that would cover the damages accrued and to accrue until final judgment on appeal, but that was done because of his position then that Supreme Court Rules 82.09 and 82.10 would effect a stay of the injunction."

Relators petitioned this Court and our provisional rule issued May 13, 1968. We determine whether our provisional rule should be made absolute.

We reach the following preliminary conclusions:

(1) In State ex rel. Anheuser-Busch Brewing Ass'n v. Dillon, 96 Mo. 56, 8 S.W. 781, this Court held that the filing of a supersedeas bond from a final decree granting a *prohibitory* injunction, does not have

the effect of dissolving the injunction, and that a violation of the decree pending appeal is a contempt of court.

(2) In McNealey v. Rouse, Mo.Sup., 264 S.W. 383, this Court held that the taking of an appeal from an order in the nature of a *mandatory* injunction, commanding an act to be done, operates as a stay of the order, and that contempt for violation of the order may not be adjudged pending appeal.

(3) These cases are consistent with the prevailing view that "an injunction which is strictly prohibitory in character is not stayed or superseded by an appeal from the order granting the injunction," but that "all proceedings on a mandatory injunction are stayed by an appeal from the order granting the injunction." Annotation, 93 A.L.R. 709, 710, 715.

■ (4) The order in this case is in the nature of a prohibitory injunction because it "has the effect of preserving the status quo and operates to restrain the commission or continuance of an act." 28 Am.Jur., Injunctions, § 18, p. 508. Therefore, the filing of the supersedeas bond in this case did not, of itself, stay the injunction order pending appeal, and relators, unless excused under the circumstances, rendered themselves subject to contempt proceedings for their admitted violation of respondent's order.

Relators contend that the facts and circumstances justify their violation of respondent's order. The money judgment entered by respondent was in the amount of $125,774. The supersedeas bond was set at $185,000, not quite $60,000 in excess of the money judgment. Relators assert that they continued to manufacture certain of the products enumerated in respondent's order of October 4, 1967, on the supposition that the approval and filing of the bond stayed the injunction pending final determination on appeal. See § 512.080, RSMo 1959, V.A.M.S.

■ Relators did not request an order suspending the operation of the injunction order pending appeal. Cf. State ex rel. South Missouri Pine Lumber Company v. Dearing, 180 Mo. 53, 79 S.W. 454. They assumed from the facts and circumstances that respondent intended to stay his injunction order when he ordered a bond in an amount nearly $60,000 in excess of the money judgment. We have reviewed the record and must conclude that there was some cause for confusion. However, when a party is in doubt about what the Court intends his duties to be under an injunction order, and proceeds under his own construction, he does so at his peril. To hold otherwise would be to invite the employment of "subterfuge or device in an attempt to evade an order or judgment of a court." State on Inf. of McKittrick v. Koon, 356 Mo. 284, 301, 201 S.W.2d 446, 455.

■ Prohibition will lie in a proper case in contempt proceedings. State ex rel. Thompson v. Rutledge, 332 Mo. 603, 59 S.W.2d 641. However, in State ex rel. Fabrico v. Johnson, 293 Mo. 302, 309, 239 S.W. 844, 847, this Court stated the applicable general rule as follows:

"Prohibition is not a writ of right. The issuance of the writ is dependent upon the facts of the particular case, measured by the discretion of the court to which the application is made. Interfering, as the writ seeks to do, with the action of a subordinate tribunal, moving, as such a tribunal is presumed to move, within its prescribed orbit, the writ is never properly granted except where usurpation of jurisdiction or an act in excess of same is clearly evident."

■ Respondent is competent to determine whether relators were justified in violating the injunction order. On February 29, 1968, respondent directed E. Dean Jarboe, individually, and as President of Plas-Chem Corporation, to appear before him on March 8, 1968. This Court intervened before March 8, 1968, and another hearing date must be set. We can assume that respondent will comply with the pro-

visions of § 476.140, RSMo 1959, V.A.M.S. and S.Ct. Rule 35.01, V.A.M.R., if, in the exercise of his discretion, he decides to enter a final order of contempt and to assess punishment.

We are of the opinion that respondent has jurisdiction of the subject matter of the contempt proceeding and that the particular act which relators ask us to stay will not exceed his jurisdiction. Prohibition will not lie.

The provisional rule should be discharged and the writ of prohibition denied. It is so ordered.

### On Rehearing.

PER CURIAM:

On relators' motion we granted a rehearing. Relators had earlier filed here a motion for an order staying the injunction pending the appeal. The case was reargued and additional authorities cited. Thereafter we stayed the injunction, conditioned, however, on the filing of an additional bond of $200,000 to cover payment of all costs, interest, and damages found due plaintiff from May 15, 1966, until final disposition of the case. We have now been informed the additional bond has been filed and approved in the trial court, which has ordered the injunction stayed in accord with our order. None of this had occurred when the original opinion was adopted herein.

We hold to our order that the provisional rule be discharged and the writ of prohibition be denied.

Whatever may have been the case earlier, relators are not now violating the injunction. The prayer of plaintiff's petition below for an order to show cause why relators should not be held in contempt was for an order citing relators and for such damages as plaintiff had suffered by the actions of relators in violating the injunction, including attorneys' fees and costs. As in State ex rel. Chicago, B. & Q. R. Co. v. Bland, 189 Mo. 197, 88 S.W. 28, the chief purpose in moving for the contempt citation was a remedial and coercive one. Plaintiff wanted damages, preservation of the life of its injunction, and a halt to relators' continuation of manufacture and sale of the prohibited products. Plaintiff was seeking action to secure its rights awarded by the court. It was thus seeking a commitment of civil, not criminal, contempt. This aspect of the matter has now become moot. The new bond gives plaintiff protection against the infringement of the injunction which occurred during the time when relators were proceeding under the mistaken belief the supersedeas bond would stay the injunction. There is no longer any need for a compensatory fine, or damages, or for a commitment to enforce the judgment of the court.

There can be contempts in which both civil and criminal elements appear, Curtis v. Tozer (Mo.App.) 374 S.W.2d 557, 569; State ex rel. Chicago, B. & Q. R. Co. v. Bland, supra; 43 Col.L.Rev. 780, although it seems highly unlikely that a criminal contempt is involved in the circumstances as they appear on the present record. However, if there remains a need to vindicate the authority of the court, the trial court has jurisdiction to proceed with such inquiry upon a hearing. If such course is embarked upon, we can assume, as pointed out in the original opinion, the trial court will proceed in accordance with the requirements of Sec. 476.140, supra, and Rule 35.01.

All concur except STORCKMAN, J., absent.