STATE of Missouri ex rel. Robert H. WENDT, Relator,

v.

The Honorable Kelso JOURNEY, Respondent.

No. 34466.

Missouri Court of Appeals, St. Louis District.

March 13, 1973.

Norman S. London, Murry L. Randall, Robert A. Hampe, St. Louis, for relator.

Thomas I. Osborne, Pros. Atty., Mexico, for respondent.

KELLY, Judge.

In this proceeding in Prohibition the relator prays that this Court issue its writ to prohibit the respondent Circuit Judge from proceeding further in a contempt action wherein the relator was found guilty of indirect criminal contempt of court, fined Four Hundred ($400.00) Dollars and sentenced to fifteen (15) days in the Audrain County Jail. The preliminary writ issued and respondent filed his return thereto setting forth factual allegations relative to the charge by Application for Order to Show Cause and the Order to Show Cause wherein relator was ordered to appear before respondent on the 18th day of December, 1971, and show cause if any there be, why he should not be cited and found to be in "Contempt of this Court pursuant to Supreme Court Rule 35.01 V.A.M.R. for your alleged willful failure and refusal to appear for trial as attorney of record for the defendant in the case of State of Missouri v. Alvin Odell Cluck, No. 12488, in the Audrain County Circuit Court at Mexico, Missouri, at 9:00 a. m. on the 2d (sic) day of December, 1971, a charge in two counts of Uttering Forged Checks." Relator thereafter filed his Answer admitting substantially all of the allegations contained in respondent's return, but contends that the respondent should have disqualified himself from presiding at the contempt hearing, and respondent's failure to do so deprived him of due process. Relator further alleged that the respondent failed to find him guilty of contempt of court "beyond a reasonable doubt" in light of all the facts reflected in the record and that the com-

plaint charging him with the contempt was insufficient and violated due process. Relator filed in this Court a "Motion for Judgment on the Pleadings", which was ordered taken with the case and is hereby denied.

The decisive issue presented to the Court is whether the respondent exceeded his jurisdiction in presiding at the contempt hearing.

 Failure of an attorney to attend court at the appointed time, when he is under a duty or an obligation to so attend, may amount to contempt of court and be punished as such. McMullin v. Sulgrove, 459 S.W.2d 383, 386 (Mo. banc, 1970); Annotation, "Attorney's failure to attend court, or tardiness, as contempt," 97 A.L.R.2d 431, 438. However, such contempt is classified in this state as indirect criminal contempt, Ex parte Clark, 208 Mo. 121, 106 S.W. 990, 997, 998 (1907); McMullin v. Sulgrove, supra; and shall be prosecuted on notice which shall "state the essential facts constituting the criminal contempt charged and describe it as such." Rule 35.01(b), V.A.M.R. The notice may be given on application of the prosecuting attorney or of an attorney appointed by the court for that purpose by an order to show cause or an order of arrest. If the contempt charged involves disrespect to or criticism of a judge, that judge is disqualified from presiding at the trial or hearing except with the defendant's consent. Rule 35.01(b), V.A.M.R.

Respondent in this case after holding a hearing in the absence of the relator on the 2nd day of December, 1971, on "evidence adduced" found "that cause existed to cite said attorney to show cause why he should not be held in criminal contempt of the court for his failure to appear on the date of December 2, 1971, for trial of the case as directed." He thereupon directed the Prosecuting Attorney of Audrain County to prepare an Application for an Order to Show Cause; and when this was done and presented to the respondent, an Order to Show Cause was issued directed to the relator commanding him to appear before the court on Saturday, December 18, 1971, at 9:30 a. m. and show cause, if any there be, why he should not be cited for contempt of court, pursuant to Supreme Court Rule 35.01 for his alleged willful failure and refusal to appear for trial as attorney of record for the defendant Alvin Odell Cluck although he had notice of the setting of said cause for trial *"all to the great embarrassment (sic) inconvenience and expense of this Court,* the State, the 26 jurors summoned to try the cause, the witnesses subpoenaed by the State, the Prosecuting Attorney and the other Court personnel, *and all against the dignity of this Court* and an interference with the orderly administration of justice." (Emphasis supplied).

Relator contends that the respondent should have disqualified himself from proceeding with the hearing on the Order to Show Cause, and the failure of the respondent to do so amounts to a deprivation of due process of law guaranteed to him by Art. 1, Sec. 10 of the Constitution of Missouri, 1945, V.A.M.S., and the 14th Amendment to the Constitution of the United States, and was in contravention of the provisions of Rule 35.01(b), V.A.M.R.

We have been cited to no case which has construed failure to appear or tardiness in appearing before a court to constitute "disrespect to a judge" as that term is used in Rule 35.01(b); nor has our research led us to any Missouri case so construing the term. Rule 35.01(b), V.A.M.R. is substantially the same as Rule 42(b) of the Federal Rules of Criminal Procedure, and that Rule contains the same disqualification sentence in the same language as our Rule 35.01(b), V.A.M.R. In the Matter of Daivd Lamson, 468 F.2d 551, 553(2) (1st Cir. 1972) it was held that the "mere tardiness of an attorney, *unless other prejudicing factors are present,* is normally [not] such a personal affront as would constitute 'disrespect to or criticism of a judge' within in the meaning of Rule 42(b), requiring

the judge to disqualify himself from acting in a contempt proceeding which he initiates." (Emphasis supplied).

■ However, whether a judge considers the failure of an attorney to appear for the trial of a case to constitute disrespect to the judge may depend upon the circumstances and the point of view of the particular judge involved. Much like intent, the judge's attitude in this respect may not be readily discernible and the judge may be an unwitting prisoner of his own preconceived notion of what is or is not disrespectful. While it has been fundamental to the American concept of justice that one may not be both prosecutor and judge, the mere fact alone that the judge is the instigator of a contempt proceeding does not disqualify him from sitting in judgment on the alleged contemnor.[1] However, the trend of the more recent cases has been to require disqualification even in those cases of direct contempt where the judge has waited until the conclusion of the trial to enter a judgment and imposition of sentence.[2] "While no change of venue lies in a criminal contempt case, * * *, yet, where conditions do not make it impracticable and delay may not injure public or private rights, a judge, who by reason of the nature or facts of the case cannot give an accused an impartial trial, should not sit, but should call in another judge, 12 Am.Jur. sec. 66, pp. 433, 434; and a failure to do so would deprive the accused of due process." Osborne v. Purdome, 244 S.W.2d 1005, 1013 (Mo. banc, 1952).

■ In this case now under consideration the Order to Show Cause directed to the relator contains a phrase which may indicate the viewpoint of the judge who preferred the charges. Reference therein is made to "the great embarrassment (sic)

inconvenience and expense of this Court." Relator was thus put on notice that he would be required to meet the charge that he had "embarrassed" the Court. "At a trial the court is so much the judge and the judge so much the court that the two terms are used interchangeably in countless opinions in this Court and generally in the literature of the law, and contempt of the one is contempt of the other." Sacher et al. v. United States, 343 U.S. 1, 12, 72 S. Ct. 451, 456, 96 L.Ed. 717 (1951).

■ All the elements constituting criminal contempt must be proved beyond a reasonable doubt, Mechanic v. Gruensfelder, 461 S.W.2d 298, 311(23) (Mo.App., 1970), and "a contempt like a crime must be measured by the intent with which it is committed." Ex parte Howell, 273 Mo. 96, 200 S.W. 65, 70 (1918), McMullin v. Sulgrove, supra 459 S.W.2d l.c. 386. Not every failure of an attorney to appear at the appointed time constitutes contempt; his absence may be susceptible of innocent explanation. Whether his explanation will be sufficient to purge him of his apparent contempt may, in great part, depend upon the unfettered viewpoint of the judge to whom he presents it. Here, after the court denied relator's request for a continuance as neither timely made nor for sufficient reason stated, he directed the clerk of the court "to advise the defendant's attorney, if possible, and if not, then his office or his answering service that application was denied and that *if defendant did not appear on December 2 at 9:00 a. m. his bond would be forfeited*." (Emphasis supplied). The clerk called relator's office at 10:30 a. m. on the 1st day of December, 1971, and left a message with the answering service that relator was to be in court on December 2, 1971, to try the case "or bond will be forfeited after 9:00 a. m. Dec. 2, 1971." Relator had left the City of St. Louis for

1. Annotation: Disqualification of judge in proceedings to punish contempt against or involving himself or court of which he is a member, 64 A.L.R.2d 600.

2. Mayberry v. Pennsylvania, 400 U.S. 455, 92 S.Ct. 499, 27 L.Ed.2d 532 (1971); United States v. Seale, 461 F.2d 345 (7th Cir. 1972); In re Dellinger, 461 F.2d 389 (7th Cir. 1972).

Baltimore, Maryland, the morning of December 1, 1971; he first learned of the action taken by the respondent on December 3, 1971. "The question with which we are concerned is not the reprehensibility of petitioner's conduct and the consequences which he should suffer. Our concern is with the fair administration of justice." Offutt v. United States, 348 U.S. 11, 17, 75 S.Ct. 11, 15, 99 L.Ed. 11 (1954).

 We are of the opinion that Rule 35.01(b), V.A.M.R., should be liberally construed in behalf of the contemnor, and where there is evidence from which we can conclude that the judge who preferred the charge considered the conduct under investigation as "disrespect to the judge", he must disqualify himself from presiding at the evidentiary hearing. In charging in the Order to Show Cause that the alleged contemnor caused the court great embarrassment and inconvenience by his failure to attend on the court the respondent has supplied this evidence and we have determined that he should not therefore have presided at the contempt proceeding in accordance with the Rule absent an affirmative showing that the relator consented thereto. Nowhere in the pleadings nor in the record before us is there any evidence of an affirmative consent by the relator that the respondent sit in judgment on his conduct.

In this State there is no review by appeal available to one adjudged a contemnor. In re Randolph, 474 S.W.2d 36, 39(10) (Mo.App., 1971), Ex parte Howell, 273 Mo. 96, 110, 200 S.W. 65, 68(1)(1918), Ex parte Clark, 208 Mo. 121, 146, 106 S.W. 990, 997(9)(1907). Prohibition lies in a proper case in contempt proceedings. State ex rel. Thompson v. Rutledge, 332 Mo. 603, 606, 59 S.W.2d 641, 642(4) (Mo. banc 1933). Having concluded that respondent should have disqualified himself from presiding at the evidentiary hearing, Rule 35.01(b), V.A.M.R., under the facts of this case, any further proceedings in ex-

ecution of the judgment he rendered would likewise be extrajurisdictional.

We do not intend to comment on the merits of the cause in this opinion but do rule that another judge should be called in to preside at the hearing on the merits.

The provisional rule is made absolute. It is so ordered.

DOWD, C. J., and SMITH, SIMEONE, WEIER and CLEMENS, JJ., concur.