**KISSINGER PRIVATE LEVEE SYSTEM, et al., Respondents,**

v.

**Marion MACKEY, et al., Appellants.**

**No. 46913.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Nov. 22, 1983.

John M. McIlroy, Sr., David H. Ash, Bowling Green, for appellants.

Philip G. Smith, Louisiana, Victor J. Klutho, St. Louis, Philip Schaper, Jr., Bowling Green, Branham Rendlen, Browne & Rendlen, Hannibal, for respondents.

CRIST, Presiding Judge.

In 1916, respondents (plaintiffs) constructed a levee protecting their farm land in Pike County, Missouri, from floods. In 1978, appellants (defendants) began construction of a levee to protect their adjacent farm lands. Defendants' levee was designed to connect with the north side of plaintiffs' existing levee. Plaintiff sought to enjoin defendants from attaching their planned levee to the existing levee.

A temporary restraining order was issued, but on July 30, 1980, the trial court denied plaintiffs' petition for a permanent injunction and dissolved the temporary restraining order. Plaintiff appealed the trial court's action and filed a $50,000 appeal bond. The trial court's ruling was affirmed in *Kissinger Private Levee System v. Mackey,* 624 S.W.2d 64 (Mo.App.1981). Pending appeal, however, the trial court did not restore the temporary restraining order. See Rule 92.03.

Defendants ceased work on their levee when the temporary restraining order issued and did not resume work until the mandate issued affirming the dissolution of the temporary restraining order and the denial of a permanent injunction. In the present action, defendants sought to recover damages against plaintiffs' appeal bond for the delay in completing the levee during the appeal. The trial court dismissed the motion and we affirm.

Defendants admit the trial court did not expressly continue the dissolved restraining order pending appeal, but contend the totality of the circumstances showed the trial court intended the order to remain in effect. The lack of an order continuing the temporary restraint, however, is fatal to defendants' present action.

■ The dissolution of the temporary restraining order removed any legal impediment from defendant's continued work. A decree dissolving an injunction is not suspended by the taking of an appeal and the filing of a bond does not revive a dissolved injunction. *C.H. Albers Commission Co. v. Spencer,* 236 Mo. 608, 139 S.W. 321, 325 (1911); *State ex rel. Jarboe v. Holt,* 444 S.W.2d 857, 859 (Mo.banc 1969). Plaintiffs' failure to request a continuation of the

restraint on defendants' construction pending appeal left the parties in the same position as if the restraining order was never issued. Although defendants apparently ceased work on the levee in the belief the restraining order was continued by the appeal bond, this belief was due to defendant's own interpretation of the proceedings. Action taken upon this erroneous interpretation was therefore done at defendants' peril. Consequently, defendants are not entitled to damages from plaintiffs for halting construction of the levee where plaintiffs did not have the trial court enjoin construction pending appeal.

Judgment affirmed.

PUDLOWSKI and SIMON, JJ., concur.