LORD, *Appellant*, v. JOHNSON.

### DIVISION ONE.

1. **Execution**: SPECIAL FIERI FACIAS. A special *fieri facias* differs. from a general one in that it designates the property to be sold and pursues the mandate of the judgment as to the distribution of the proceeds of the sale.

2. ———: ———: FORECLOSURE JUDGMENT. The writ in this case *held* to be a special *fieri facias* on a judgment foreclosing a mortgage.

*Appeal from Jackson Circuit Court.*

AFFIRMED.

*Gage, Ladd & Small* for appellant.

(1) The order of sale was absolutely void, because it was not in form or in substance the special *fieri facias* prescribed by the statute and awarded by the judgment. R. S. 1879, sec. 3307; *Deakins v. Rex*, 60 Md. 593; *Place v. Riley*, 98 N. Y. 1; *Hurst v. Liford*, 11 Heisk. 622; *Douglas v. Whiting*, 28 Ill. 362; *Reese v. Burt's Adm'r*, 39 Ga. 565; *Woody v. Hoe & Co.*, 22 Fla. 314; *White v. Stanley's Ex'rs*, 21 Fla. 396; *Boyd v. Williams*, 5 J. J. Marsh, 56; *Ins. Co. v. Bank*, 57 Pa. St. 397; *Houck v. Cross*, 67 Mo. 155; *Kritzer v. Smith*, 21 Mo. 296; *Jones v. Hart*, 60 Mo. 351; *Borum v. Reed*, 73 Mo. 461. (2) The judgment in the case, in substance if not in form, is pursuant to the statute, and is a valid judgment of foreclosure. R. S. 1879, sec. 3306. It must be so construed if possible. *Houck v. Cross*, *supra; Leviston v. Swan*, 33 Cal. 480; Freeman on Judg., sec. 47; *McDonald v. Frost*, 99 Mo. 44. (3) There is no other form of execution permissible than that prescribed by the statute. The clerk in issuing it is a

ministerial officer and must follow the law authorizing him to act or his acts are void. Cases cited, *supra.* (4) The order of sale issued was not, in substance or effect, the special execution required by the statute and awarded by the judgment. The object of the execution is the collection of the debt; the object of the order of sale is the conversion of the property into money. Rorer on Jud. Sales, sec. 19, p. 12; sec. 28, p. 17; *Ins. Co. v. Bank*, 57 Penn. St. 397.

*W. J. Ward* for respondent.

(1) The foreclosure and sale were in strict conformity with Revised Statutes of 1879, section 3297. (2) A special execution in a mortgage foreclosure is simply an order upon the sheriff to sell the property. *Blandin v. Wade*, 20 Kan. 255. (3) The judgment and execution in this case were special. *McDonald v. Frost*, 99 Mo. 44; *Gordon v. O'Neil*, 96 Mo. 356; *Lewis v. Morrow*, 89 Mo. 174.

BLACK, J.—This case is before us on a judgment sustaining a demurrer to the petition. The plaintiff Lord executed to defendant Johnson a mortgage upon certain real property; and subsequently he made a deed of trust upon the same land to secure a debt to Matson and Griffin. Thereafter Johnson commenced a suit of foreclosure, making Lord, Matson and Griffin defendants. Judgment of foreclosure was rendered in 1882, under which the property was sold, and Johnson became the purchaser. This is a suit in equity to set aside that sale and to redeem.

The foreclosure judgment and the sheriff's deed are conceded to be formal. But it is insisted that the process issued, and by which the property was sold, is worthless, because it was simply an order of sale, whilst the statute provides that the execution issued upon a judgment of foreclosure "shall be a special *fieri facias*, in accordance with the judgment."

The question, therefore, to be determined is, whether the writ is simply an order of sale, or whether it is, in substance and effect, a special *fieri facias*.

The writ runs in the name of the state and is addressed to the sheriff of Jackson county.   It then professes to and does set out an exact copy of the judgment of foreclosure.   The judgment sets out a description of the mortgaged property, a finding of facts as to the execution of the mortgage and subsequent deed of trust, and the amount still due on each ; and it is then, in substance, adjudged, that the plaintiff Johnson have and recover of defendant Lord the sum of $11,743.56 ; that the mortgaged property be sold ; that the interest of all of the defendants be barred and foreclosed by such sale ; that out of the proceeds of the sale there be first paid to the plaintiff his debt and interest, next to Matson and Griffin the amount of their debt, and the balance, if any, to Lord.   The command of the writ is in these words :   " These therefore command you that you cause said described real estate to be sold, and that you have the proceeds thereof before the judge of said court on the first day of the next October term thereof to satisfy said judgment in the manner therein as directed, and that you certify how you execute this writ."

A general *fieri facias* in form recites the judgment and then proceeds to say :   " These therefore command you, that of the goods, chattels and real estate of the said —— you cause to be made the debt and costs aforesaid," etc.   It need not be in these exact words ; the substance and effect of them is all that is required. R. S. 1879, sec. 2336.   A special *fieri facias* differs from the general writ only in this, that it points out and specifies the property to be sold, and pursues and follows the judgment in respect of the disposition of the proceeds arising from the sale.

Now while the command of the writ in question does not in words say, "These therefore command you

that of ( describing the property ) you cause to be made the debt," etc. ; still it does command the officer to sell the specified property and have the proceeds in court "to satisfy said judgment in the manner therein directed." To satisfy what judgment? The judgment set forth and copied in the writ. The writ, it will be seen, is not simply an order for the sale of real estate, like those issued in proceeding for the sale of lands in partition; but its object is the collection of the debt specified in the judgment therein recited. To determine the true character of the writ we must look to it as a whole, recitals included ; and in doing this we have no hesitancy in pronouncing it a special *fieri facias* within the purview of the statute defining what the form of the execution shall be on foreclosure judgments. Lord had the right to satisfy this writ at any time before a sale, and thereby satisfy the judgment and prevent a sale of his property.

In *Kritzer v. Smith*, 21 Mo. 296, the judgment was properly a general one in an attachment suit, and it was held error to award a special execution against the attached property ; but that case and the others cited from this court do not have any special bearing upon the question in hand.

The judgment is affirmed.   All concur.