LOWRY-MILLER LUMBER CO., RESPONDENT, v. WILLIAM R. DEAN ET AL., DEFENDANTS; J. D. PROFFITT, APPELLANT.—47 S. W. (2d) 164.

Kansas City Court of Appeals.   February 1, 1932.

*H. J. Bain* for respondent.

*L. A. Warden* for appellant.

BOYER, C.—Plaintiff filed suit to enforce a mechanic's lien March 12, 1927.   At that time defendant Dean and wife owned the real estate in question subject to the lien of two deeds of trust given by them in 1923, one to secure a note for $1000, and one to secure a note for $333. In July, 1926, a dwelling then on the property was

badly damaged by fire, but was not a total loss. The remains of the house were torn down and a small amount of the lumber salvaged was used in the construction of a new house; the estimated value of the lumber so used varied from $25 to $50. Plaintiff furnished lumber and material for the construction of the new house under contract with Dean. Plaintiff's bill was not paid, a mechanic's lien was duly filed, and this action duly followed to establish and enforce the same. At the time of suit, or shortly thereafter, defendant Proffitt, appellant here, became owner of the notes secured by the deeds of trust and caused a foreclosure sale of the property under the terms of both of said deeds and became the purchaser of the property at each of said sales. This was prior to trial and judgment which was originally rendered May 29, 1928, from which said judgment defendant Proffitt appealed. That appeal was disposed of by this court in a clear and comprehensive opinion prepared by Judge ARNOLD and reported in 29 S. W. (2d) 736. We refer to that opinion for a more detailed statement of the issues, facts, judgment of the trial court, and the conclusion of this court thereon.

One of the principal questions at issue and up for decision was that of priority of liens and the extent of said liens. Appellant again raises the same question. It is foreclosed. The prior opinion determined the relative rights of the lumber company and defendant Proffitt. That question is *res judicata*. It was decided that the lumber company was entitled to a prior right of lien against the new house except for the value of the lumber from the old building used in the construction of the new house; and that the mortgagee's right of lien was prior to the mechanic's lien upon the ground and upon the lumber from the old building. It appearing that separation of the lumber was impossible, it was suggested that "the defendant, under proper pleadings, would have been entitled to have the court ascertain the value of the salvage and to declare that, to the extent of said value, his title procured by the foreclosure of the first lien was superior to the plaintiff's lien, and since, in order to have equity, one must do equity, plaintiff, as the price of his decree, within a reasonable time fixed by the court, must pay into court for the use of the defendant the amount of the ascertained value of the salvage so used in the improvement." That issue was not in the pleadings and defendant Proffitt claimed that plaintiff's lien had been entirely foreclosed. For error noted in the judgment it was reversed and the cause remanded.

When the case came on again for hearing there was no change in the pleadings except that plaintiff amended the petition to show that it is a corporation, and by reply to the answers of all defendants denied the allegations thereof, and admitted that a small portion of

the lumber out of the old house entered into the construction of the new dwelling. The case was submitted to the court without a jury and under stipulation that the evidence at the former trial be introduced and considered as the evidence in the case. No other or further evidence was offered by either side. Defendant Proffitt demurred to the evidence and this was denied.

The judgment entered recites that the court "found the issues for the plaintiff in the sum of $1243.09. The court further finds that a credit of $50 should be deducted from this amount which is the value of the salvage used in the erection of defendant's dwelling, and the amount which plaintiff is entitled to recover is the net balance after deducting the credit for the salvage, to-wit, the sum of $1193.09. The court further finds that plaintiff is entitled to a mechanic's lien on the dwelling located on the property described as follows, to-wit:" The ground is then described and the decree continues: "It is therefore ordered and adjudged by the court that the plaintiff recover the sum of $1193.09, herein found to be due with interest from this date together with its costs in this behalf expended, to be levied out of the property of defendants and if no sufficient property be found to satisfy this judgment that the same be recovered by levy on the dwelling located on the above described property charged with the mechanic's lien as hereinabove set out." Defendant Proffitt filed a motion for new trial and motion in arrest of judgment. They were overruled and he duly appealed.

Appellant urges under a number of points, covered by the assignment of errors and the brief, that his demurrer to the evidence should have been sustained; that the lien of the deeds of trust was superior to the mechanic's lien; that said mechanic's lien was entirely cut off by the foreclosure under the deeds of trust; and that the court erred in refusing to declare the law as requested by appellant. The same subjects and related ones were presented and dealt with on the former appeal and are not open questions in the case. The rights of the parties under the record facts and the law were declared and adjudged and there is no material alteration in the issues and none upon the facts. We give no further attention therefore to such questions, but reaffirm and adhere to the former opinion.

Appellant further assigns error in the judgment in that there was no proper accounting for the salvage used in the new house and that the court erred in the manner in which the value of the salvage found by the court was applied to a reduction of plaintiff's claim rather than requiring payment of the amount to appellant, and that there was no authority to grant equitable relief on the pleadings because none was requested. Instead of requiring plaintiff to deposit in court an amount equal to the value of the salvage for the benefit

of the mortgagee, the court accounted for such value by reducing the amount of plaintiff's claim. This was not equivalent to the procedure suggested by this court. It may not be said that a reduction of plaintiff's claim by a sum equal to the value of the salvage would be the same as paying into court for the benefit of the mortgagee the value of the salvage upon which the mortgagee held a lien, unless upon a sale of the house it would yield $50 more than the total amount of plaintiff's lien claim; and this result cannot be foreseen. Appellant is entitled to be guaranteed the sum of $50, which under the evidence was properly found to be the value of the salvage; and the plaintiff is entitled to a judgment against the principal debtor, who contracted the obligation, for the whole amount due to be levied upon the goods of the debtor, and if no sufficient property of the debtor be found to satisfy such judgment that the unpaid part thereof be levied out of the property subject to the lien. If such procedure be followed it appears that all reasonable and just complaint of appellant would be obviated. We also hold that appellant may not wilfully obstruct and prevent the remedy to which plaintiff is entitled merely by declining to plead for the equitable relief to which he is entitled, and that under the circumstances of this case when plaintiff has done full equity as determined by the court, it is entitled to its remedy.

Appellant insists, and properly so, that the judgment is erroneous because it is general in terms against all defendants, including appellant, and by its terms is "to be levied out of the property of defendants." It does not conform to the statute in effect at the time of the institution of this suit. Under the provision of such statute, sections 7230 and 7231, Revised Statutes 1919, the judgment and execution should be as therein directed. Plaintiff was entitled to a personal judgment against the original debtor only, and to have execution against the property subject to the lien in event no sufficient property of the debtor be found to satisfy such judgment. The judgment as rendered is erroneous in substance. It should be reversed and the case remanded with direction to modify said judgment and to render a judgment in conformity with the views herein expressed, provided plaintiff deposits in court for the benefit of appellant the sum of $50. The Commissioner so recommends. *Campbell, C.,* concurs.

PER CURIAM:—The foregoing opinion of Boyer, C., is adopted as the opinion of the court. The judgment is reversed and the case remanded with direction to enter a judgment in conformity with the views therein expressed. All concur.