The STATE of Missouri, at the relation of E. I. CUNNINGHAM, Sheriff, Relator,

v.

Willard B. LEAVITT, temporary Judge of the Magistrate Court of Webster County, Missouri, Respondent.

No. 7275.

Springfield Court of Appeals.

Missouri.

Sept. 7, 1954.

Roy C. Miller, Marshfield, M. J. Huffman, Hartville, for relator.

John Hosmer, of Marshfield, for respondent.

McDOWELL, Presiding Judge.

Prohibition. In this original proceeding filed October 21, 1951, relator challenges the jurisdiction of respondent, acting Judge of the Magistrate Court of Webster County, Missouri, to try relator on a citation for criminal contempt for failure to obey an order entered by Honorable Cline C. Herrin, Magistrate Judge of Webster County, Missouri, to produce the body of one, Clarence Calvin Cantrell, in the court of said Magistrate for the purpose of making bond.

The petition relied upon five separate allegations to show want of jurisdiction, to-wit:

"(a) That there was no case or charges of any nature involving the said Clarence Calvin Cantrell pending before the Magistrate Judge at the time said Order was made and for that reason the said Magistrate Judge was without power or jurisdiction to make an order directing him to be brought before said Judge; that such act could only have been accomplished "by a Writ of Habeas Corpus;

"(b) That at said time the said Magistrate Judge was without jurisdiction of the person of the said Clarence Calvin Cantrell;

"(c) That at said time the said Magistrate Court was without jurisdiction of this relator;

"(d) That at such time the said Magistrate Court was without power or jurisdiction to make the particular order on which the Citation for contempt is based.

"(e) That said Order and said Citation show on their face that this relator cannot lawfully be found guilty of contempt for the reason that it is no where alleged or stated that any disobedience by this relator of said Order was willful disobedience as required by Section 476.110 of the Revised Statutes of Missouri, 1949."

Respondent's return admits that relator, E. I. Cunningham, is the duly elected and qualified sheriff of Webster County and that respondent is the acting Magistrate who was temporarily transferred by the order of the Supreme Court, dated August 31, 1953, to the Magistrate Court of Webster County to hear the citation against E. I. Cunningham, for contempt; that the elected Magistrate of Webster County, Cline C. Herren, disqualified in said contempt cause.

Respondent admits that on May 21, 1953, relator was requested by the court to appear at his office in Webster County and, pursuant to that request, relator did appear and was there orally requested by the Judge to produce the body of Clarence Calvin Cantrell into court; that Cantrell was held in the county jail without warrant or charges filed by the Prosecuting Attorney of said county in the Magistrate Court or any court; that relator failed to obey the order until the next morning, May 22, 1953, when charges were filed against the prisoner by the Prosecuting Attorney and a warrant was issued by the Magistrate Court.

The return admits that the order of the Magistrate Court, dated May 21, 1953, ordering relator to produce the prisoner in court, appears in the record of said Magistrate Court as shown in exhibit "A" attached to these proceedings but denies that said orders were never read to relator or served upon him; admits the issuing of citation dated May 22, 1953, citing relator to appear before the court on June 6, 1953, to show cause why judgment for criminal contempt should not be entered against him; that exhibit "B" is a true copy of the citation; admits paragraph 5 of the petition which states relator appeared before the Magistrate Court June 6, 1953, the cause

was continued until September, 1953, when it was set before the temporary Magistrate Judge, respondent, who had been transferred to said court upon the disqualification of Judge Herren; that respondent on the 21st day of September, 1953, refused to dismiss said citation for want of jurisdiction and set the cause for trial October 13, 1953, and relator verily believes will proceed to try the cause unless prohibited by this court; respondent denies the want of jurisdiction to try said contempt action for reasons alleged in relator's petition and denies that relator has no other adequate remedy at law by appeal or otherwise. The return further submits the orders of the Judge of the Magistrate Court as shown by the minute book, May 21, 1953; first, the charge against Clarence Calvin Cantrell for careless and reckless driving; second, the order dated May 21, 1953, showing the request made by the attorney of Clarence Calvin Cantrell for bond and, third, the order of citation for contempt against relator, dated May 22, 1953.

Relator filed reply in which he admitted that he did not inform the Judge of the court when the prisoner was arrested and how long he had been in jail or of any of the matters set out in paragraphs 3 and 4 of relator's petition because there had been no hearing where relator had had an opportunity to testify. He stated that the oral order to produce the prisoner before the Magistrate Court was made upon him immediately when he appeared at court and he had no opportunity to advise the court of the situation set out in said paragraphs.

Secondly, the reply admits the orders of citation but denies the court's jurisdiction to issue the same.

The cause was submitted on an agreed statement of facts, the substance which is as follows:

Relator was sheriff of Webster County, in charge of the jail and had custody of the prisoners therein. Honorable Cline C. Herren was Magistrate in said County. Respondent, Honorable Willard B. Leavitt was the temporary Judge of said court, transferred by order of the Supreme Court to try the contempt charge against relator when Honorable Cline C. Herren disqualified.

Clarence Calvin Cantrell was arrested by the Highway Patrol on the charge of careless and reckless driving and placed in the Webster County jail shortly after 5:00 o'clock P. M., May 21, 1953, while relator was away. Relator learned of Cantrell's being in jail between 6:00 and 7:00 o'clock P. M.

John Hosmer, an attorney at law, had been retained by a friend of Cantrell's, who was with Cantrell at the time of his arrest, and, at Cantrell's request, to represent the prisoner and make bond for him. Hosmer made application to the Magistrate Court for bond for Cantrell and the bondsmen had been secured and were waiting for a call from the court.

About 7:15 P. M., Judge Herren contacted relator by telephone at the sheriff's office on the second floor of the courthouse and requested him to appear at the Magistrate courtroom on the first floor of the courthouse. When the sheriff appeared the Judge and the attorney were the only ones present. The Judge was searching for a bond from the files in his office. The sheriff asked the court what he wanted and was informed that there was a prisoner in jail who wanted to make bond. Relator informed the court that he could not bring Cantrell down; that he did not have a warrant for him. The court informed the sheriff that he did not need a warrant; that the man was entitled to make bond and ordered him to bring the prisoner into court. Relator gave this answer: "I am not going to bring him down", and the court stated: "Isom, this is an order of court—bring him down". Relator answered, "I am not going to bring him down", and left the courtroom.

Cantrell had been in jail about three hours at the time the order was made to bring him into court. Complaint had not been filed against him nor had there been an information filed by the prosecuting attorney. Prior to the request by the court to bring the prisoner into court, relator

telephoned the prosecuting attorney and asked if Cantrell could make bond when there were no charges filed against him. He was advised that he knew of no law that gave the prisoner a right to bond before a charge was filed. The only remedies the prisoner had would be habeas corpus. The prosecuting attorney stated he would not file charges until the following morning unless requested by the Magistrate.

Relator did not inform the court of his conversations with the prosecuting attorney at the time the order was made to bring Cantrell into court. The prosecuting attorney did file charges against Cantrell the following morning between 8:30 and 9:30 o'clock, charging him with careless and reckless driving; warrant was issued by the court; relator brought the prisoner into court and he executed a bond for $100.

It is admitted that the order of citation set out in the pleadings is correct; that the orders of the Magistrate Court, citing relator for contempt and ordering the prisoner brought to court, were oral and recorded in the record after the sheriff left the room. The citation is as follows:

"Citation

| "State of Missouri "County of Webster | In the Magistrate Court of said County. |

"In the Matter of State of Missouri, plaintiff vs. Clarence Calvin Cantrell, defendant.

"STATE OF MISSOURI to E. I. Cunningham, Sheriff of Webster County Missouri.

"Whereas, on the 21st day of May, 1953, the above named defendant, Clarence Calvin Cantrell, was committed to your jail and to your custody without warrant for the alleged commission of the criminal offense of careless and reckless driving, which offense is bailable and whereas, said defendant through his attorney John Hosmer, requested this court that he may be admitted "to bail to appear at a time and place stipulated to answer to an information charging such offense, which would be preferred against him and

"Whereas, the Judge of this Magistrate Court convened said court for the purpose of *admitted* said defendant to proper bail, and requested that you appear at the Court room and you did so appear and

"Whereas, the Judge of this court made an order of record directed to you as Sheriff of Webster County Missouri, to produce the body of the defendant, Clarence Calvin Cantrell for the purpose of making such bond, and you refused, in open court, to produce said body of said defendant and left said Court Room before summary proceedings could be had for direct criminal contempt of court in violation of sub-section (3) of Section 476.110 of the Revised Statutes of Missouri, 1949.

"You are hereby cited to be and appear before me, the Judge of the Magistrate Court of Webster County, Missouri, on the 6th day of June, 1953, then and there to show cause, if any you have, why judgment should not issue against you for criminal contempt of court.

"In Witness whereof I have hereunto subscribed my name and affixed the seal of said court this 22nd day of May, 1953.

  "/s/ Cline C. Herren, Judge
   Magistrate Court,
    Webster County, Mo."

Under section 476.110 RSMo 1949, V.A.M.S., it is provided that every court of record shall have power to punish as for criminal contempt persons guilty of (3) "Willful disobedience of any process or order lawfully issued or made by it".

Section 517.050 RSMo 1949, V.A.M.S., provides that Magistrate courts shall be courts of record.

Under the Constitution of Missouri, Article V, section 19, V.A.M.S., it is provided that " * * * Each of such magistrates shall have jurisdiction coextensive with the county, * * *."

The Magistrate court in Webster County had original jurisdiction to try the charge upon which Cantrell was arrested and to admit him to bail for such charge.

42 V.A.M.S. Section 21.14, Supreme Court Rules of Criminal Procedure, reads:

"All persons arrested and held in custody by any peace officer, without warrant, for the alleged commission of a criminal offense, or on suspicion thereof, shall be discharged from such custody within twenty hours from the time of arrest, unless they be held upon a warrant issued subsequent to such arrest. While so held in custody, every such person shall be permitted to consult with counsel or other persons in his behalf. *If the offense for which such person is held in custody is bailable and the person held so requests, he may be admitted to bail in an amount deemed sufficient by a judge or magistrate of a court of such county or of the City of St. Louis having original jurisdiction to try criminal offenses.* * * *" (Emphasis ours.)

Under this Supreme Court rule the defendant Cantrell was entitled to make bond before the Judge of the Magistrate Court in Webster County, even though there had been no charge filed in any court.

The Prosecuting Attorney who advised the relator as to the law was mistaken. However, it is no defense for the sheriff to say that he was mistaken as to the law. He is an officer of the court and it was his duty to obey the orders of the court and his failure to do so impaired the respect due to its authority.

It was held by the Supreme Court, en Banc, in State ex inf. of McKittrick v. Koon, Mo.Sup., 201 S.W.2d 446, 454, that:

" * * * A criminal contempt results from an act or series of acts directed against the court's dignity which brings a court into disrepute by ignoring its mandates and judgments, or by challenging its authority, or by affronting its majesty as an agency of government, and which affects all the people of the state. In re Clark, 208 Mo. 121, 144, 145, 106 S.W. 990, 15 L.R.A.,N.S., 389. * * , *"

This court held on page 455 of 201 S.W. 2d of the opinion:

" * * * Willful disobedience of a lawful mandate of a court implies bad faith.

State ex rel. Madden v. Padberg, 340 Mo. 667, 101 S.W.2d 1003. No man may judge his own case. If one man may determine the law of his own case, all men may do so. If parties make themselves the judge of the validity of a court order regularly entered respecting their conduct or course of action, then the courts become impotent and judicial power becomes a mockery. United States v. United Mine Workers of America, and John L. Lewis [330 U.S. 258], 67 S.Ct. 677 [91 L.Ed. 884]. * * *"

Contempt must be measured, in determining the punishment by the intent with which it is committed. Our courts have said that if one acts on the advice of others and in good faith it might mitigate punishment but is not a defense.

The sheriff in this instance, tried to inform himself by phoning the prosecuting attorney to learn whether or not Cantrell was entitled to bond before a charge was filed. He was misinformed, but acted upon the advice. However, this is no justification for an officer of the court to refuse to obey the orders of the court.

Prohibition may be invoked only to prevent judicial usurpation. State ex rel. Book v. Goodman, Mo.Sup., 263 S.W.2d 409, 411.

From the admitted facts it does not appear that the Magistrate Court lacked jurisdiction to enforce its orders by citation for contempt. Such power is as old as the law itself and stems from the power of the judiciary to protect its dignity and authority and to enforce its judgments. Disobedience of a valid order from a court that had jurisdiction to enter such order is such an interference with the administration of justice as to constitute contempt. Missouri Electric Power Co. v. City of Mountain Grove, 352 Mo. 262, 176 S.W.2d 612.

It is the order of the court that the Writ be denied and judgment be for defendant.

BLAIR and STONE, JJ., concur.