Lisa C. Henderson Hickory County Prosecuting Attorney Hickory County Courthouse Hermitage, Missouri 65668
Dear Ms. Henderson:
This opinion is in response to a question posed by your predecessor in office asking:
 Do the duly elected prosecuting attorney and sheriff of Hickory County[1] have the authority to maintain a law enforcement fund account outside the county treasurer's accounts where the funds in that account were given to the prosecuting attorney and the sheriff specifically to be spent by them for the purposes of law enforcement?
The opinion request we received states that the United States Drug Enforcement Administration has presented checks to the Hickory County prosecuting attorney and sheriff to be used at their discretion solely for law enforcement purposes. The opinion request does not cite — nor have we found — any specific statutory provisions authorizing the county sheriff or prosecuting attorney to establish and maintain a bank account for law enforcement purposes separate from the county treasury.
County officers possess only such powers as have been expressly granted to them by statute or which are necessarily implied from the powers expressly granted to them. See
Missouri Attorney General Opinion No. 400, Rabbitt, 1963, a copy of which is enclosed, and the cases cited therein. See alsoState ex rel. Madden v. Padberg, 101 S.W.2d 1003, 1008 (Mo. 1937). Because there is no statutory authorization for the county sheriff or prosecuting attorney to maintain a bank account for law enforcement purposes separate from the county treasury, we conclude they are not authorized to do so.
Section 54.140, RSMo 1986, sets forth certain duties of the county treasurer.
 54.140. County revenue to be kept separate; warrants, how paid out, violation, penalty. — It shall be the duty of the county treasurer to separate and divide the revenues of such county in his hands and as they come into his hands in compliance with the provision of law; and it shall be his duty to pay out the revenues thus subdivided, on warrants issued by order of the commission, on the respective funds so set apart and subdivided, and not otherwise; and for this purpose the treasurer shall keep a separate account with the county commission of each fund which several funds shall be known and designated as provided by law; and no warrant shall be paid out of any fund other than that upon which it has been drawn by order of the commission as aforesaid. . . .
Section 54.070, RSMo 1986, provides for the county treasurer to be bonded.
The legislature has established certain funds where moneys are turned over to the county treasurer and earmarked for special purposes. For example, Section 56.312, RSMo Supp. 1991, provides:
 56.312. Fee for collection of delinquent taxes and fees — deposit — purpose — unexpended balance to remain in fund. — 1. Notwithstanding the provisions of sections 50.525 to 50.745, RSMo, the one-half of the tax collection fee which is designated for the use of the prosecuting or circuit attorney as provided in section 136.150, RSMo, shall be deposited by the county treasurer into a separate interest-bearing fund to be expended at the direction of the prosecuting attorney as provided in this section. These funds shall not be budgeted by the governing body of the county or the city of St. Louis, and shall be expended only upon warrants executed by the circuit or prosecuting attorney, directing the treasurer to issue checks thereon.
 2. The moneys deposited in the fund may be used by the prosecuting or circuit attorney for office supplies, postage, books, training, office equipment, capital outlay, expenses of trial and witness preparation, additional employees for the staff of the prosecuting or circuit attorney, salary supplements for existing employees on the staff of the prosecuting or circuit attorney. [Emphasis added.]
* * *
Other special funds established within the county treasury include, among others, the Prosecuting Attorneys Training Fund (Section 56.765, RSMo 1986) and a law enforcement training fund (Section 590.140, RSMo Supp. 1991).
Section 50.550, RSMo 1986, provides that "[t]he county commission may create other funds as are necessary from time to time." County commissions are authorized to create funds within the county treasury and to receive and expend such money for law enforcement purposes. See Attorney General Opinion No. 42-88, a copy of which is enclosed. As a result, the county commission for Hickory County could establish a fund in the county treasury designated for law enforcement purposes.
CONCLUSION
It is the opinion of this office that the prosecuting attorney and sheriff of a third class county are not authorized to maintain a bank account for law enforcement purposes separate from the county treasury.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General
Enclosure: Opinion No. 400, Rabbitt, 1963 Opinion No. 42-88
[1] We understand Hickory County is a third class county.